CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 9 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TROY ATERA BROWN, ) <br> Petitioner, ) | Civil Action No. 7:09-cv-00435 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| GENE M. JOHNSON, ) <br> Respondent. ) | By: Samuel G. Wilson <br> United States District Judge |

Petitioner Troy Atera Brown, a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1997 convictions and sentence in the Lynchburg City Circuit Court. Brown alleges that he is actually innocent and that counsel provided ineffective assistance on several grounds. The court finds that Brown's petition is untimely and that there are no grounds for equitable tolling. Therefore, the court dismisses his petition.

I.

On March 28, 1997, after a jury trial, the Lynchburg City Circuit Court entered judgment against Brown, finding him guilty of murder and use of a firearm while committing a felony. The court sentenced Brown to a total of twenty-three years. Brown filed an appeal which the Court of Appeals of Virginia denied. Brown then appealed to the Supreme Court of Virginia, which refused his appeal on June 11, 1998. He did not file a petition for writ of certiorari to the Supreme Court of the United States. However, Brown filed a state habeas corpus petition in the Supreme Court of Virginia on March 14, 2000, which was dismissed May 10, 2000. Brown filed a habeas petition in this court on June 14, 2000, which the court dismissed for failure to comply on July 11, 2000. See Civil Action No. 7:00cv479. Brown then appealed to the United States Court of Appeals for the Fourth Circuit, which dismissed his appeal on March 7, 2001. Brown v. Director, VDOC, No. 00-7372 (4th Cir. Mar. 7, 2001)

On March 17, 2008, Garlon D. Cabler, a witness from Brown's jury trial, submitted a letter in which he recants his testimony given during trial. In his letter, Cabler states that although he testified otherwise at trial, in fact he never saw Brown shoot the victim or even holding a gun. Cabler's letter

continues on to state that there were several individuals shooting, but that he did not see who shot the victim.

After learning of this letter on March 17, 2008, Brown filed a second state habeas petition in the Lynchburg City Circuit Court on August 22, 008, which was dismissed on October 27, 2008 upon the court's finding that the "habeas petition is time barred." Brown appealed the Circuit Court's dismissal to the Supreme Court of Virginia, which refused his petition on May 6, 2009. Brown filed his instant federal habeas petition in this court on August 24, 2009.[1] The court conditionally filed his petition, advised him that his petition appeared to be untimely filed, and gave him an opportunity to respond regarding the timeliness of his petition.

## II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[2] Brown did not

---

[1] Brown initially filed his petition on August 24, 2009 in the U.S. District Court for the Eastern District of Virginia, and that court transferred his petition to this court on October 26, 2009.

[2] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:
    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Brown alleges that he became aware of his actual innocence claim on March 17, 2008 when witness Cabler wrote a letter recanting his testimony. The court will assume, without deciding, that March 17, 2008 is the date on which the factual predicate of his claim could have been discovered through the exercise of due diligence pursuant to section (D). Accordingly, the court finds that the statute of limitations regarding his actual innocence claim began running on March 17, 2008. With regard to his ineffective assistance of counsel claims, Brown has not alleged anything to invoke the application of sections (B), (C), or (D); accordingly, the court finds that the statute of limitations regarding Brown's ineffective assistance of counsel claims began running on the date his conviction

meet this one-year statute of limitations. Brown had 365 days from March 17, 2008, the date on which the factual predicate of his actual innocence claim could have been discovered through the exercise of due diligence, to file his federal habeas petition.[3] Brown did not meet this March 17, 2009 deadline.[4] Accordingly, Brown's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[5] Brown has made no such demonstration.

Despite being given the opportunity to amend his petition, Brown makes no argument to support equitable tolling of the statute of limitations. Accordingly, the court finds that Brown has not demonstrated any grounds for equitable tolling and thus, his petition is untimely filed.

### III.

For the reasons stated, the court dismisses Brown's petition as untimely.

ENTER: This 9th day of November, 2009.

United States District Judge

---

became final. Brown's conviction became final on September 9, 1998, ninety days after the Supreme Court of Virginia refused his appeal and when his time to file a petition for writ of certiorari in the Supreme Court of the United States expired.

[3] The one-year statute of limitations as to his ineffective assistance of counsel claims began running on September 9, 1998; and the court finds that Brown's instant federal habeas petition is well outside the statute of limitations as to those claims.

[4] Although Brown filed a state habeas petition in the Lynchburg Circuit Court on August 22, 2008, his petition was not "properly filed," and thus, afforded him no tolling under § 2244(d)(2). Brown's 2008 state habeas petition was not properly filed because the state court dismissed his petition as untimely filed. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [habeas] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).")

[5] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris, 209 F.3d at 330). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 617 (3d Cir. 1998)).